RECEIVED
IN ALEXANDRIA, LA
JUN 18 2009
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

STEVON ARCHIE

VERSUS

JAMES LEBLANC, et al.

CIVIL ACTION NO. 08-1381

DISTRICT JUDGE DEE D. DRELL
MAGISTRATE JUDGE JAMES D. KIRK

## REPORT AND RECOMMENDATION

Before the court is a civil rights complaint filed pursuant to 42 U.S.C. §1983, in forma pauperis, by pro se plaintiff, Stevon Archie ("Archie"). Named as defendants to the suit are James LeBlanc, Secretary of the Department of Public Safety and Corrections, Pat Book ("Book"), Warden of the Catahoula Correctional Center and John and Joan Doe. Book filed a Motion to Dismiss (Doc. Item 28) on May 11, 2009 and Archie filed an opposition thereto on June 8, 2009 (Doc. Item 30). It is this motion to dismiss **(Doc. Item 28)** which is currently before me for Report and Recommendation.

### Procedural History

Book filed a motion for leave to take Archie's deposition on December 8, 2008 and an Order granting the motion was entered by the undersigned the following day (Doc. Items 9,10). Archie's deposition was noticed on Wednesday January 21, 2009 at 10:00 a.m. at Allen Correctional Center. Counsel for Book and a court reporter traveled to Allen Correctional Center on January 21, 2009 only to learn that Archie refused to answer questions or

participate in the scheduled deposition.

Book then filed a motion to compel and for sanction on February 16, 2009 seeking not only Archie's cooperation with discovery (including the taking of his deposition) but also costs and attorneys fees incurred related to the January 21, 2009 deposition. The undersigned issued an order on March 2, 2009 which stated:

> (1) Stevon Archie is ordered to give testimony and to answer questions, at his next deposition; and
>
> (2) Stevon Archie is ordered to pay attorney's fees, expenses and costs in the amount of $760.70 by April 1, 2009.
>
> In the event Stevon Archie fails to comply with this Order, then, in that event, all of Stevon Archie's claims against the defendant will be dismissed, with full prejudice.

(Doc. Item 17).

Thereafter, in response to Book's motion to take Archie's deposition, the undersigned issued another order advising Archie's deposition would be taken on May 5, 2009 at 10:00 a.m. at Allen Correctional Center (Doc. Item 19). However, Archie again refused to participate in the deposition; this time citing his appeal of the undersigned's order compelling his deposition and sanctioning him to pay the roughly $760 in attorney's fees and costs incurred by Book.

The appeal to which Archie refers was noticed to this court on April 1, 2009. The Fifth Circuit Court of Appeals issued its

opinion in case number 09-30292 on June 2, 2009 (a copy of which is attached hereto as Exhibit 1) advising that it did not have jurisdiction over the appeal and thereby dismissing it.

## Law and Analysis

In her motion to compel and for sanctions, Book cited the Eleventh Circuit Court of Appeals case of <u>Moon v. Newsome</u>, 863 F.3d 835 (11th Cir. 1989). In <u>Moon</u>, the Eleventh Circuit affirmed the dismissal of a inmate pro se plaintiff's lawsuit, with prejudice, for failure to participate in his deposition. The dismissal was ordered after the magistrate judge warned plaintiff that his failure to participate could result in monetary sanctions and/or the dismissal of his case. Book again cites the case in support or her position that her case should be dismissed.

Archie has refused to participate in two scheduled depositions. He has also failed to make any attempt to pay the $760.70 sanction or to obtain additional time to do so. His only reasoning for failing to participate is that he believes that this court lacks jurisdiction over this claim as a whole and over the matter while his appeal was pending.

First, this lawsuit is a civil rights suit in which Archie alleges he was subjected to cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments of the United States Constitution. As the action arises under the United States Constitution, this court has original jurisdiction over the matter.

28 U.S.C. §1331, §1343. Second, as conveyed by the Fifth Circuit in its June 2, 2009 opinion in <u>Archie v. LeBlanc</u>, 09-30292, the Fifth Circuit does not have jurisdiction over Archie's appeal because the district court's order affirming the decision of the undersigned is not a final order and is not an interlocutory order which falls under 28 U.S.C. §1292(a) or which can be certified for appeal by the district judge. Accordingly, Archie's argument is without merit.

Archie was warned in the March 2, 2009 order that his failure to comply with the order would result in the dismissal of his case with full prejudice. Archie disregarded that warning by failing to participate in the second scheduled deposition and failing to either pay the imposed sanction or attempt to obtain an extension of time in which to do so.

## Conclusion

Accordingly, as Archie refuses abide by the orders to participate in discovery of the lawsuit he initiated and pay the sanction which he was assessed,

IT IS RECOMMENDED that Book's motion to dismiss (Doc. Item 28) be GRANTED and all of Archie's claims against Book be DISMISSED WITH PREJUDICE.

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **ten (10) business days** from the service of this Report and Recommendation to file specific,

written objections with the Clerk of Court. A party may respond to another party's objections with **ten (10) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the district judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON THE GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Alexandria, Louisiana on this _16th_ day of June, 2009.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE