RECEIVED
IN ALEXANDRIA, LA

JUL 28 2010

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| STEVON ARCHIE,<br>      Plaintiff<br><br>VERSUS<br><br>JAMES LEBLANC,<br>      Defendants | CIVIL ACTION<br>SECTION "P"<br>NO. CV08-CV-1381<br><br><br>JUDGE DEE D. DRELL<br>MAGISTRATE JUDGE JAMES D. KIRK |

## SUPPLEMENTAL REPORT AND RECOMMENDATION

This case was referred to the undersigned for supplemental Report and Recommendation to consider plaintiff's supplemental opposition to Secretary LeBlanc's motion to dismiss[1] (Doc. 52) and his objection to the Report and Recommendation (Doc. 53).

On July 29, 2008, Stevon Archie ("Archie") filed a complaint,

---

[1] Archie contends in his objection (Doc. 53) to the June 25, 2010 report and Recommendation that this court erred in stating he had not filed a brief in response to LeBlanc's motion to dismiss. Archie filed a "brief" on March 1, 2010 in which he complained to the court that he had not received a copy of the motion to dismiss (and re-urging his opposition to the removal) (Doc. 47). On May 24, 2010, the undersigned ordered the Clerk's office to send Archie a copy of the motion to dismiss and granted Archie an additional thirty days from the date of the order to file a brief (Doc. 50). When a brief was not received within thirty days, the Report and Recommendation was filed on June 25, 2010; Archie's brief was received by the court on June 28, 2010 (Doc. 52) and is being considered now.

in forma pauperis, in a Louisiana state court against defendants Pat Book, warden of the Catahoula Correctional Center ("CCC") in Harrisonburg, Louisiana, and James LeBlanc, Secretary of the Louisiana Department of Public Safety and Corrections (Doc. 1). Archie alleges in his complaint that his constitutional rights were violated when he was incarcerated at the CCC in 2007 because he was subjected to unconstitutional conditions of confinement. Specifically, Archie alleges overcrowding (four men housed in two man cells which only had two beds), he was forced to wear shackles whenever he was outside of his cell for any reason, and his shackles were frequently too tight and caused scarring on his ankles. Archie further contends the CCC was not equipped or designed to house prisoners convicted of certain offenses or sentenced to lengthy sentences, Secretary LeBlanc knew or should have known the CCC was not an appropriate facility to place Archie in due to the nature of Archie's conviction and sentence, and LeBlanc knowingly and intentionally caused Archie to be transferred there for the purpose of subjecting him to cruel and inhumane treatment. For relief, Archie asks for a jury trial and damages.

On September 22, 2008, Warden Book filed a timely notice of removal of Archie's action to this federal court and Secretary LeBlanc filed a consent to removal, alleging Archie's claims present a federal question under 42 U.S.C. § 1983 (Doc. 1). On September 26, 2008, Archie filed a timely opposition to the removal

order (Doc. 3) and briefs were filed by the parties (Docs. 4, 5, 6). Archie's opposition to the removal order was never ruled on, but will be considered herein since Archie re-urges it in his supplemental brief.[2]

Warden Book filed a motion to dismiss (Doc. 28) which was granted due for Archie's failure to comply with an order compelling his deposition (Doc. 35).

Secretary James LeBlanc filed a motion to dismiss Archie's action against LeBlanc on the grounds of immunity, failure to state a claim, and lack of exhaustion. The undersigned recommended granting LeBlanc's motion to dismiss because he is immune from suit in his official capacity and because Archie failed to state a claim against LeBlanc in his personal capacity (see original Report and Recommendation, Doc. 51). Archie filed an "opposition" to LeBlanc's motion to dismiss (Doc. 52) after the report and recommendation was filed, again arguing that his case should be remanded back to the state court where he originally filed it.

---

[2] Archie has diligently and persistently urged his opposition to the removal of his case. See Doc. 3 (opposition to removal), Doc. 6 (opposition to removal), Doc. 7 (letter), Doc. 12 (opposition to deposition), Doc. 16 (memorandum in opposition to motion to compel and for sanctions), Doc. 20 (notice of/motion for appeal), Doc. 22 (brief on/notice of appeal), Doc. 30 (opposition to Book's motion to dismiss), Doc. 33 (objection to amended report and recommendation), Doc. 47 (opposition to LeBlanc's motion to dismiss), Doc. 52 (opposition to motion to dismiss), Doc. 53 (objection to amended report and recommendation), and Doc. 54 (motion to supplement/amend original petition for damages).

Archie also filed an objection (Doc. 53) to the Report and Recommendation, asking to be permitted to add the State of Louisiana as a defendant.

1. Removal and Section 1983

Archie's case was removed to this court on September 22, 2008 on motion of Warden Book. Secretary LeBlanc, through the Attorney General, filed a consent to removal (Doc. 1, Ex. 5). Archie filed an "opposition" to the removal in 2008 (Doc. 3) and the issue was briefed by the parties (Docs. 4, 5, 6), but no formal motion to remand was ever filed, and thus the court never considered his "opposition". However, Archie's challenge to the removal of his case will be considered now since the issue is also raised in Archie's opposition to LeBlanc's motion to dismiss and Archie's objection to the Report and Recommendation, which are currently before the undersigned.

On a procedural matter, in his opposition to the motion to dismiss (Doc. 52), Archie contends the notice of removal was not timely and that there is no notice of removal in the record. First, the notice of removal is in Document 1 in the record of this court; the certificate of service shows that defendants sent a copy to Archie. Second, 28 U.S.C. § 1446 states that the notice of removal must be filed within thirty days of service of the petition on the removing defendant. Archie's petition was filed July 29, 2008, the service return shows defendant Pat Book was served on

August 22, 2008, and Book filed the notice of removal on September 19, 2008. Therefore, Book's notice of removal was inside the thirty day time limit and this argument is meritless.

For the district court to have removal jurisdiction, 28 U.S.C. § 1441 requires that the case be one over which the district courts of the United States have original jurisdiction.[3] PCI Transp., Inc. v. Fort Worth & Western R. Co., 418 F.3d 535, 543 (5th Cir. 2005), citing Johnson v. Baylor Univ., 214 F.3d 630, 632 (5th Cir.), cert. den., 531 U.S. 1012, 121 S.Ct. 567 (2000). Whether a claim arises under federal law is a question determined by

---

[3] General removal is provided for in 28 U.S.C. § 1441, "Actions removable generally," as follows:
    (a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.
    (b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.
    (c) Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.

reference to the plaintiff's well-pleaded complaint. PCI Transp., Inc., 418 F.3d at 543, citing Hoskins v. Bekins Van Lines, 343 F.3d 769 (5th Cir. 2003). As a defendant may remove a case only if the claims could have been brought in federal court, the question for removal jurisdiction must also be determined by reference to the well-pleaded complaint. PCI Transp., Inc., 418 F.3d at 543, citing Merrell Dow Pharm., inc. v. Thompson, 478 U.S. 804, 808, 106 S.Ct. 3229 (1986). Under the well-pleaded complaint rule, federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint. PCI Transp., Inc., 418 F.3d at 543, citing Hoskins v. Bekins Van Lines, 343 F.3d at 772. As a general rule, absent diversity jurisdiction, a case will not be removable if the complaint does not affirmatively allege a federal claim. PCI Transp., Inc., 418 F.3d at 543, citing Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6, 123 S.Ct. 2058 (2003). A suit arises under the Constitution and laws of the United States only when the plaintiff's statement of his own cause of action shows that it is based upon those laws or that Constitution. Beneficial Nat'l Bank, 539 U.S. at 6. Potential defenses, including a federal statute's preemptive effect, do not provide a basis for removal. PCI Transp., Inc., 418 F.3d at 543, citing Beneficial Nat'l Bank, 539 U.S. at 6. The purpose of Congress in adopting Section 1441(c) was to limit removal from state courts and it should be construed in light of that

congressional intent. American Fire & Cas. Co. v. Finn, 341 U.S. 6, 10, 71 S.Ct. 534, 538 (1951). Any doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction. Menendez v. Wal-Mart Stores, Inc., 364 Fed.Appx. 62, 65 (5th Cir. 2010), citing Acuna v. Brown & Root, Inc., 200 F.3d 335, 339 (5th Cir. 2000), cert. den., 530 U.S. 1229, 120 S.Ct. 2658 (2000).

In the case at bar, defendants invoked the jurisdiction of the federal courts by removing Archie's state court case to federal court pursuant to Section 1441(a) and 1441(c), contending Archie's case arises under 42 U.S.C. § 1983 and the United States Constitution. Since, at this point in the case, a final judgment has been rendered in favor of Warden Book, defendants must prove that federal subject matter jurisdiction existed at the time of removal or, at the very least, prior to the entry of judgment in favor of Warden Book.[4] See Caterpillar, Inc. v. Lewis, 519 U.S. 61, 117 S.Ct. 467, 471 (1996).

In the case at bar, Archie alleged in his original petition that Warden Book and Secretary LeBlanc are liable to him for having incarcerated him, a DOC inmate, in a parish prison that was not

---

[4] Caterpillar, Inc. v. Lewis, 519 U.S. 61, 117 S.Ct. 467, 471 (1996), holds that improper removal does not automatically nullify a subsequent federal court judgment when the record establishes that the defect in federal jurisdiction was cured before judgment. See also, Grubbs v. General Electric Credit Corp., 405 U.S. 699, 702, 92 S.Ct. 1344, 1347 (1972).

suitable for housing an inmate with his security classification. According to the complaint, since Archie was a DOC inmate, he was never allowed to leave his cell unshackled while he was confined at CCC and he was confined with three other men in a two man cell. Archie contends that his being housed in CCC, and his treatment there, violated his Eighth Amendment right against cruel and inhumane punishment.

Defendants contend Archie's claims necessarily arise under the Civil Rights Act, 42 U.S.C. 1983, since he invoked constitutional law (the Eighth and Fourteenth Amendments) and therefore removal to federal court was proper. However, Archie contends in his opposition to LeBlanc's motion to dismiss (Doc. 53) that he only intended to make tort claims and, since he could not have sued the State (through Secretary LeBlanc in his official capacity) in federal court, the state court was the proper forum for his suit.

Louisiana follows a system of fact pleading that requires the plaintiff to set forth facts in his petition that support each claim made. Mclin v. H & H Lure Co., 102 F.Supp.2d 341, 345 (M.D.La. 2000). Also, Lamar Advertising Co. v. Continental Cas. Co., 396 F.3d 654, 664 (5th Cir. 2005)(Louisiana is a fact pleading jurisdiction). Louisiana case law requires a liberal interpretation of plaintiff's claims. Lamar Advertising Co., 396 F.3d at 664. The factual allegations in Archie's complaint necessarily involve constitutional rights at both the state and federal level and

fairly invoke both state tort law and federal civil rights law, which can be easily handled by either court. Although federal courts have original jurisdiction over Section 1983 claims, they by no means have exclusive jurisdiction over such actions. See <u>Felder v. Casey</u>, 487 U.S. 131, 139, 108 S.Ct. 2302, 2307 (1988). As Archie points out, the State of Louisiana, including Secretary LeBlanc, has not consented to be sued in federal court.

In his original opposition to the removal of his case (Docs. 3, 6), Archie points out, correctly, that he sued Secretary LeBlanc in his official capacity, which is the same as suing the Louisiana Department of Public Safety and Corrections or the state itself, and that the State has not consented to be sued in federal court. Archie cites La.R.S. 13:4106 to show that the state of Louisiana and its subdivisions may only be sued in Louisiana state courts and that Louisiana has not consented to the federal suit and waived its Eleventh Amendment immunity. Defendant Book argues erroneously that Archie has not sued the State of Louisiana and, therefore, removal is proper (Doc. 5). The Eleventh Amendment bars suit against a state official when the state is the real substantial party in interest. An official capacity suit against a state officer is not a suit against the official but rather against the official's office. As such it is no different from a suit against the state itself. <u>Hafer v. Melo</u>, 502 U.S. 21, 112 S.Ct. 258, 362, 116 L.Ed.2d 301 (1991). Also, <u>Will v. Michigan Dept. of State</u>

Police, 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989); Voisin's Oyster House v. Guidry, 799 F.2d 783, 788 (5th Cir. 1986).

In two cases similar to Archie's, Varnado v. Hegmann, 211 F.Supp.2d 801 (M.D.La. 2002), and Levy v. Office of Legislative Auditor, 362 F.Supp.2d 729 (M.D.La. 2005), the district court found that, pursuant to the Supreme Court's holding in Lapides v. Bd. of Regents, 535 U.S. 613, 122 S.Ct. 1640 (2002)(the state waived its sovereign immunity through litigation conduct by voluntarily invoking the federal court's subject matter jurisdiction), the Louisiana Attorney General had waived Eleventh Amendment immunity for the state by voluntarily removing a case against the state to federal court. See also, Meyers v. Texas, 410 F.3d 236 (5th Cir. 2005), cert. den., 550 U.S. 917, 127 S.Ct. 2126 (2007)(a state waives its immunity from suit in federal court when it removes a case involving state law and/or federal law claims from state court to federal court). In both Varnado and Levy, the federal court denied motions to remand the cases to state court after they were removed to federal court, finding the federal court had subject matter jurisdiction due to the state's implicit waivers of immunity. However, the Levy court also held that, since the state and its subdivisions are not "persons" within the meaning of 42 U.S.C. § 1983, the state's motion to dismiss the civil rights claims against it was granted. Levy, 362 F.Supp.2d at 735, citing Will v. Michigan Dept. of State Police, 491 U.S. 58, 109 S.Ct.

2304, 2312 (1989). Also, <u>Hafer v. Melo</u>, 502 U.S. 21, 112 S.Ct. 258, 362 (1991)(neither a state nor its officers acting in their official capacities are "persons" under §1983).

Therefore, pursuant to the reasoning in <u>Varnado</u> and <u>Levy</u>, removal was proper,[5] Secretary LeBlanc waived his Eleventh Amendment immunity by consenting to removal, and this court has subject matter jurisdiction and can reach the merits of Archie's claims against the State through Secretary LeBlanc. Secretary LeBlanc's motion to dismiss the federal claims against him in his official capacity should be granted because he is not a "person" who can be sued under Section 1983.

Finally, as set forth in the original Report and Recommendation, Archie failed to allege any specific facts which state a Section 1983 claim against Secretary LeBlanc in his personal capacity. In order to establish the personal liability of a certain defendant to a plaintiff who is claiming damages for deprivation of his civil rights, that plaintiff must show that particular defendant's action or inaction was a violation of the plaintiff's civil rights. <u>Reimer v. Smith</u>, 663 F.2d 1316, 1322 n.

---

[5] Although it can be argued the case should not have been removed because Archie only intended to raise state law tort claims, did not cite the civil rights act in his complaint, and sued the state itself, it should be noted that this court has already issued a final judgment in this case in favor of Warden Book. Since this court had subject matter jurisdiction to issue a judgment, as discussed above, remand of the case to the state court at this point would be inefficient.

4 (5th Cir. 1981). Also, <u>Malley v. Briggs</u>, 475 U.S. 335, 106 S.Ct. 1092, 1098 n. 7, 89 L.Ed.2d 271 (1986). Since Archie has not alleged or offered any specific facts or proof of any act or omission by LeBlanc which constituted a violation of Archie's civil rights, LeBlanc's motion to dismiss Archie's Section 1983 claims against him in his personal capacity should also be granted.

Since the case was properly and timely removed to this court and the state through Secretary LeBlanc consented to removal, Secretary LeBlanc's Eleventh Amendment immunity was waived and this court has subject matter jurisdiction to consider Archie's claims. Accordingly, for the reasons given, Secretary LeBlanc's motion to dismiss Archie's federal claims against him in both his official and personal capacities should be granted.

## 2. Exhaustion

Archie also contends that he attempted to exhaust his administrative remedies and, therefore, LeBlanc's claim that he failed to exhaust is incorrect. Although LeBlanc argued that Archie failed to exhaust (Doc. 45) and Archie responded that he attempted to exhaust but his ARP was never reviewed (Doc. 52), neither side has ever submitted any evidence in support of their claims on the exhaustion issue. Usually, the plaintiff submits copies of the ARPs he attempted to file and the defendant submits affidavits from the records custodians (in this case, the records custodians at the Catahoula Correctional Center ("CCC") and the

Department of Corrections) to show the plaintiff did not exhaust his administrative remedies.

Since there is no proof that Archie failed to exhaust his administrative remedies, LeBlanc's motion to dismiss for lack of exhaustion should be denied.

### 3. State Law Claims

Archie's complaint was originally filed in a Louisiana state court, where fact pleading is used. Therefore, this court will determine whether Secretary LeBlanc is entitled to relief from any state law claims alleged by Archie in his complaint.

Archie contends in his complaint that (1) he (as a DOC inmate) was erroneously transferred to and incarcerated in CCC from January 17, 2007 (following his conviction) to July 31, 2007, (2) he was treated differently from other inmates at CCC (apparently due to his status as a DOC inmate), resulting in cruel and inhumane treatment in violation of the Eighth and Fourteenth Amendments, such as constantly wearing shackles whenever he exited his cell, (3) CCC has a policy of treating inmates convicted of certain offenses and sentenced to certain sentences differently than other inmates, (4) his ankles are scarred by the overuse of too-tight shackles, (5) LeBlanc knew or had reason to know CCC was not equipped or designed to house prisoners convicted of certain offenses or sentenced to lengthy sentences and should not have approved Archie's transfer to that facility, and (6) LeBlanc

13

knowingly and intentionally caused Archie to be transferred to CCC for the sole purpose of subjecting him to cruel and inhumane treatment in violation of the Eighth and Fourteen Amendments.

Not only does Archie allege the personal liability of Secretary LeBlanc, but that Secretary LeBlanc in his official capacity is either strictly liable or liable under a theory of respondeat superior for the actions of those who housed Archie, a Department of Corrections inmate, in the CCC, a parish prison.

Discretionary function immunity for state law tort claims[6] is provided by La. R.S. 9:2798.1, which states:

> A. As used in this Section, "public entity" means and includes the state and any of its branches, departments, offices, agencies, boards, commissions, instrumentalities, officers, officials, employees, and political subdivisions and the departments, offices, agencies, boards, commissions, instrumentalities, officers, officials, and employees of such political subdivisions.
>
> B. Liability shall not be imposed on public entities or their officers or employees based upon the exercise or performance or the failure to exercise or perform their policymaking or discretionary acts when such acts are within the course and scope of their lawful powers and duties.
>
> C. The provisions of Subsection B of this Section are not applicable:
>
> (1) To acts or omissions which are not reasonably related to the legitimate governmental objective for which the policymaking or discretionary power exists; or

---

[6] See <u>City of Shreveport v. Caddo Parish</u>, 27,519-CA (La. App. 2d Cir. 6/23/1995), 658 So.2d 786, writ den., 95-C-2285 (La. 11/27/1995), 663 So.2d 728 (La.R.S. 9:2798.1 immunity for discretionary acts applies only to tort liability).

14

> (2) To acts or omissions which constitute criminal, fraudulent, malicious, intentional, willful, outrageous, reckless, or flagrant misconduct.
>
> D. The legislature finds and states that the purpose of this Section is not to reestablish any immunity based on the status of sovereignty but rather to clarify the substantive content and parameters of application of such legislatively created codal articles and laws and also to assist in the implementation of Article II of the Constitution of Louisiana.

Discretion exists only when a policy judgment has been made. Jackson v. State, 2000-C-2882 (La. 2001), 785 So.2d 803, 809, citing Fowler v. Roberts, 556 So.2d 1, 15 (La. 1989). Judicial interference in executive actions involving public policy is restrained by the exception. Jackson, 785 So.2d at 809. Thus, the exception protects the government from liability only at the policy making or ministerial level, not at the operational level. Jackson, 785 So.2d at 809.

In Jackson, the plaintiff, a Louisiana Department of Corrections inmate, complained of a transfer to a parish prison where she was allegedly denied medical care. The Supreme Court held that, because the Secretary of the Department of Public Safety and Corrections acting in his official capacity enjoys discretion in deciding DPSC policy for housing state prisoners, in an effort to satisfy the myriad of social and economic demands for sufficient adequate prison facilities,[7] he is entitled to qualified

---

[7] See La.R.S. 15:824, "Commitment of Persons to the Department of Public Safety and Corrections."

immunity against claims arising from a DOC inmate's transfer to a parish prison. <u>Jackson</u>, 785 So.2d at 809. Pursuant to that holding, Secretary LeBlanc in his official capacity is entitled to qualified immunity against Archie's state law tort claims arising from his transfer to a parish prison.

The state law claims against Secretary LeBlanc in his personal capacity should also be dismissed for failure to state a claim because Archie failed to allege any facts which show LeBlanc was personally involved in Archie's transfer to CCC[8] or had personal knowledge of the conditions of Archie's confinement at CCC.[9] It is noted that LeBlanc would not be vicariously liable in his personal capacity for any tortious acts of the Warden Book or his employees; LeBlanc was not their employer.

Therefore, LeBlanc's motion to dismiss Archie's state law

---

[8] Secretary LeBlanc was appointed Secretary of the Department of Public Safety and Corrections in January 2008. Prior to that, LeBlanc was Acting Chief of Operations for the Department from June 2007 until his appointment, and he was warden of Dixon Correctional Institute from 1995 through June 2007. See www.laworks.net/Downloads/PR/SummitSpeakers_Southern.pdf. Since, according to his complaint, Archie was sentenced on January 12, 2007 and incarcerated in CCC from January 17, 2007 through July 31, 2007, and LeBlanc did not become Acting Chief at the DPSC until June 2007, LeBlanc could not have been personally involved in the decision to incarcerate Archie at CCC in January 2007.

[9] The use of handcuffs or other restraining devices constitutes a rational security measure and cannot be considered cruel and unusual punishment unless great discomfort is occasioned deliberately as punishment or mindlessly, with indifference to the prisoner's humanity. <u>Fulford v. King</u>, 692 F.2d 11, 14-15 (5th Cir.1982).

claims should be granted on the grounds of qualified immunity for the official capacity claims and failure to state a claim against LeBlanc in his personal capacity.

### 4. Objection to the R&R

In his objection to the Report and Recommendation, Archie asks this court to allow him to add the State of Louisiana as a defendant in his suit (Doc. 53). Archie contends that his failure to name the State of Louisiana as a defendant is the reason his case was removed to federal court. However, the reason cited in the notice of removal is not that he did not name the state as a defendant, but that his claims arise under federal law, 42 U.S.C. § 1983 (Doc. 1). Moreover, the State of Louisiana is, effectively, a defendant in Archie's suit because he named Secretary LeBlanc as a defendant in his official capacity.

Archie's motion to add the State of Louisiana as a defendant in this action should be denied on the ground of Eleventh Amendment immunity[10] or, in the alternative, because the State is not a "person" who can be sued under Section 1983, as discussed above.

---

[10] The Eleventh Amendment to the U.S. Constitution bars all suits in law or equity against an unconsenting state. Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a state for alleged deprivations of civil liberties. Will v. Michigan Dept. of State Police, 491 U.S. 58, 109 S.Ct. 2304, 2309 (1989). The State of Louisiana has not waived its sovereign immunity. La.Rev.Stat.Ann. 13:5106; Delahoussaye v. City of New Iberia, 937 F.2d 144, 147 (5th Cir.1991). Moreover, a state is not a "person" under §1983. Will, 109 S.Ct. at 2312.

In fact, a subsequently filed motion to add the State of Louisiana as a defendant (Doc. 54) was denied. Therefore, this motion should also be denied.

## Conclusion

Based on the foregoing discussion, IT IS RECOMMENDED that the removal of Archie's case to federal court be upheld, that is that Archie's "opposition" to the removal be treated as a motion to remand and DENIED.

IT IS FURTHER RECOMMENDED that LeBlanc's motion to dismiss be GRANTED and that Archie's action against LeBlanc in both his official and personal capacities be DENIED AND DISMISSED WITH PREJUDICE.

IT IS ALSO RECOMMENDED that Archie's motion to add the State of Louisiana as a defendant be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the district judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED**

**FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Alexandria, Louisiana, on this 28th day of July, 2010.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE